| | |
|---|---|
| DEANDRE ROBINSON, | ) Case No.: 1:18-cv-01400-SAB (PC) |
| Plaintiff, | ) |
| v. | ) ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION |
| R. COX, et al., | ) |
| Defendants. | ) FINDINGS AND RECOMMENDATION REGARDING DEFENDANTS' MOTION TO DISMISS |
| | ) [ECF Nos. 24, 25] |

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

Plaintiff Deandre Robinson is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

Currently before the Court is Defendants Cox and Sotello's motion to dismiss, filed May 29, 2019. On this same date, Defendant Savoie filed a joinder to Defendants Cox and Sotello's motion to dismiss.

**I.**

**RELEVANT BACKGROUND**

This action is proceeding against Defendants Cox, Sotello and Savoie for failure to protect in violation of the Eighth Amendment.

As previously stated, on May 29, 2019, Defendants Cox and Sotello's motion to dismiss, filed May 29, 2019. On this same date, Defendant Savoie filed a joinder to Defendants Cox and Sotello's

1

motion to dismiss. Plaintiff did not file an opposition and the time to do has passed. Accordingly, the motion to dismiss is deemed submitted for review without oral argument. Local Rule 230(l).

## II.

## DISCUSSION

### A. Legal Standard

A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a claim, and dismissal is proper if there is a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quotation marks and citations omitted). In resolving a 12(b)(6) motion, a court's review is generally limited to the operative pleading. Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998 (9th Cir. 2010); Sanders v. Brown, 504 F.3d 903, 910 (9th Cir. 2007); Schneider v. California Dept. of Corr., 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)) (quotation marks omitted); Conservation Force, 646 F.3d at 1242; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept the factual allegations as true and draw all reasonable inferences in favor of the non-moving party. Daniels-Hall, 629 F.3d at 998; Sanders, 504 F.3d at 910; Morales v. City of Los Angeles, 214 F.3d 1151, 1153 (9th Cir. 2000).

Pro se litigants are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012); Watison v. Carter, 668 F.3d 1108, 1112 (9th Cir. 2012); Silva v. Di Vittorio, 658 F.3d 1090, 1101 (9th Cir. 2011); Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).

### B. Allegations of Complaint

On or about October 3, 2016, Defendants Captain Cox and Sergeant Sotello were given notice by Institutional Gang Investigators ("IGI") that Inglewood Bloods were going to be assaulted by Crip gang members. On October 5, 2016, Plaintiff was attacked by a Crip inmate, who was allowed on the

housing tier unescorted, without handcuffs and without staff present. Officer Savoie opened Plaintiff's cell door, before the Crip inmate attacked him.

### C. Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) of 1995, requires that prisoners exhaust "such administrative remedies as are available" before commencing a suit challenging prison conditions." 42 U.S.C. § 1997e(a); see Ross v. Blake, __ U.S. __ 136 S.Ct. 1850 (June 6, 2016) ("An inmate need exhaust only such administrative remedies that are 'available.'"). Exhaustion is mandatory unless unavailable. "The obligation to exhaust 'available' remedies persists as long as *some* remedy remains 'available.' Once that is no longer the case, then there are no 'remedies … available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis in original) (citing Booth v. Churner, 532 U.S. 731, 739 (2001)).

This statutory exhaustion requirement applies to all inmate suits about prison life, Porter v. Nussle, 534 U.S. 516, 532 (2002) (quotation marks omitted), regardless of the relief sought by the prisoner or the relief offered by the process, Booth v. Churner, 532 U.S. at 741, and unexhausted claims may not be brought to court, Jones v. Bock, 549 U.S. 199, 211 (2007) (citing Porter, 534 U.S. at 524).

The failure to exhaust is an affirmative defense, and the defendants bear the burden of raising and proving the absence of exhaustion. Jones v. Bock, 549 U.S. at 216; Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). "In the rare event that a failure to exhaust is clear from the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6)." Albino v. Baca, 747 F.3d at 1166. Otherwise, the defendants must produce evidence proving the failure to exhaust, and they are entitled to summary judgment under Rule 56 only if the undisputed evidence, viewed in the light most favorable to the plaintiff, shows he failed to exhaust. Id.

Defendants argue that it is clear from the face of the second amended complaint and attachments thereto that Plaintiff did not properly exhaust his failure to protect claim, at issue here. Here, on the form complaint, Plaintiff identifies appeal third level review number 1712925 and institutional log number PBSP-17-02583 as the appeal by which he exhausted administrative remedies, and writes date "12/26/2017." (ECF No. 15 at 2.) Plaintiff attaches a copy of a third level response to the appeal dated December 26, 2017, in which the appeal was rejected pursuant to California Code of Regulations, Title

15, Section 3084.6(b)(15).[1] However, Plaintiff also attaches a copy of different appeal log number KVSP-O-16-03440, which alleged, in pertinent part, the following:

> You allege in your appeal on October 5, 2016, Officer S. Savoie refused to follow Modified Program protocols, which resulted in you fighting with a Crip affiliated inmate. You allege as a result of that fight you sustained injuries to your back and head area. You also allege Captain (A) R. Cox and Sergeant A. Sotelo received information from IGI that the Inglewood Family Bloods were targeted for assault by the Crips and they failed to remove you from the Facility. You are requesting a thorough investigation be conducted and involved Staff be punished for their actions.

(Sec. Am. Compl, ECF No. 15, Ex. B.)

This appeal was partially granted at the second level of review on January 2, 2017, and it was determined that staff "did" violate CDCR policy with respect to one or more of the issues appealed. (Id.) Appeal Log No. KVSP-O-16-03440 clearly alleged the same factual allegations relating to his failure to protect claim against Defendants. Because there is some ambiguity as to whether Plaintiff adequately exhausted the administrative remedies, this is not one of the "rare" instances in which the failure to exhaust is clear from the face of the complaint. Although Plaintiff listed appeal log number PBSP-17-02583 as the appeal that exhausted the administrative remedies, the Court cannot rule out the fact that there may be other appeals including KVSP-O-16-03440 that could serve to exhaust the administrative remedies. Plaintiff was not required to allege all facts relevant to his exhaustion attempts on the face of his second amended complaint, nor is a motion to dismiss the appropriate mechanism to challenge the sufficiency of the evidence. Without a full record of all of Plaintiff's exhaustion efforts, the Court cannot determine from the face of the complaint and attached exhibits that Plaintiff failed to exhaust the administrative remedies with respect to his failure to protect claim against Defendants. Accordingly, Defendants' motion to dismiss the action for failure to exhaust the administrative remedies should be denied.

///

///

---

[1] Section 3084.6(b) states, "An appeal may be rejected for any of the following reasons … (15) The inmate or parolee has submitted the appeal for processing at an inappropriate level bypassing required lower level(s) of review, e.g., submitting an appeal at the third level prior to lower level of review." Cal. Code Regs. tit. 15, § 3084.6(b)(15).

4

# III.

# ORDER AND RECOMMENDATION

The Court HEREBY ORDERS the Clerk of the Court to randomly assign a Fresno District Judge to this action.

Further, it is HEREBY RECOMMENDED that Defendants' motion to dismiss the action for failure to exhaust the administrative remedies be denied.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **twenty-one (21) days** after being served with this Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __July 19, 2019__

UNITED STATES MAGISTRATE JUDGE